Marks v. Clark et al Doc. 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOLIN ANDREW MARKS,<br><br>Petitioner,<br><br>v.<br><br>NEIL CLARK, et al.,<br><br>Respondents. | CASE NO. C06-1679-JLR<br><br><br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On November 11, 2006, petitioner Antolin Andrew Marks, proceeding *pro se*, filed a "Petition for Writ of Habeas Corpus and Petition for Declaratory Relief under 28 U.S.C. § 2241." (Dkt. #1, Attach. #1). Petitioner has filed two previous habeas petitions and numerous motions in this Court, alleging, *inter alia*, that he is a United States citizen and that he is being unlawfully detained by the U.S. Immigration and Customs Enforcement ("ICE"). *See* Case No. 05-1812-RSL, Case No. 06-717-RSL. These petitions were consolidated into one action on July 25, 2006, which was dismissed for lack of jurisdiction on November 20, 2006. (Case No. 05-1812, Dkts. #95 and 96).

Dockets.Justia.com

In the instant case, the Court declined to serve the petition finding that petitioner had failed to provide a short and plain statement showing that he is entitled to relief. The Court, however, granted petitioner leave to file an amended petition. On November 30, 2006, petitioner filed an Amended Petition for Writ of Habeas Corpus and Petition for Declaratory Relief under 28 U.S.C. 2241. (Dkt. #6). The amended petition appears to challenge the Court's December 13, 2005, Order denying his request for appointment of counsel in Case No. 05-1812-RSL-MAT (Dkt. #28), and the authority of Congress to regulate immigration.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #6) be DENIED.

## II. DISCUSSION

### A. Congressional Regulation of Immigration

Petitioner claims in his habeas petition that Congress has no authority to set forth rules to deport any person from the United States, and that the deportation of aliens is a violation of the Due Process Clause of the Fifth Amendment. (Dkt. #6 at 3-5, 14-18). Petitioner's contention that Congress lacks the authority to deport aliens is meritless. "Courts have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments." *See, e.g., Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 210, 73 S. Ct. 625, 97 L. Ed. 2d 956 (1953). Although the Constitution contains no express mandate relating to immigration matters, the Supreme Court has long recognized that the political branches of the federal government have plenary authority to establish and implement substantive and procedural rules governing the admission of aliens into the United States. *See, e.g., Fong Yue Ting v. United States*, 149 U.S. 698, 701-11, 13 S. Ct. 1016, 37 L. Ed. 2d 905 (1893).

B. Denial of Counsel

Petitioner also appears to challenge the Court's December 13, 2005, Order denying his request for appointment of counsel in Case No. 05-1812-RSL-MAT (Dkt. #28). (Dkt. #6 at 5-14). Federal Rule of Civil Procedure 59(e) permits a district court to correct an error in its ruling following entry of judgment. *See* Fed. R. Civ. P. 59(e). The Ninth Circuit Court of Appeals has explained that reconsideration under Rule 59(e) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. IJ v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing 12 James W. Moore et al., Moore's Federal Practice, § 59.304); see also *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation omitted)). Further, district courts have broad discretion in determining whether to grant a Rule 59(e). In determining whether to grant such a motion, the Court should consider both the interest in finality of judgments as well as the need to reach just decisions based on all the facts.

Here, petitioner presents no newly discovered evidence that warrants modification of the judgment. Nor does petitioner cite to any intervening change in the controlling law as the basis of his petition. Instead, petitioner merely asserts that the Court's "denial of counsel to putative

citizens is unconstitutional." The Court is not persuaded.

A petitioner in a habeas proceeding has no constitutional right to counsel. *See, e.g., Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984, 123 S. Ct. 1793, *reh'g denied*, 539 U.S. 970, 123 S. Ct. 2666 (2003); *Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir. 1999). The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person . . . who (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel for federal habeas petitioner is within the discretion of the Court and is required only where the interests of justice or due process so require. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("If an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)"). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn*, 789 F.2d at 1330-31. Counsel may be appointed in "exceptional circumstances," which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.*

Here, the appointment of counsel would not serve the interest of justice or due process

because petitioner's claims have been dismissed for lack of jurisdiction. See Case. No. 05-1812-RSL (Dkts. #65 and #96). Accordingly, petitioner is not entitled to the appointment of counsel.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of December, 2006.

Mary Alice Theiler
United States Magistrate Judge